May it please the Court. Good morning, Counsel. I'm Stuart Kirchick for Fred Bates. Penal Code Section 12027.1 of California law does set forth a constitutional right to due process. It's clear. The district court said so. Legislative history says so. And there's case law to support that after the amendment that clearly, in fact, it is a due process right. But the Summerfield v. Helmet case specifically talks about the legislative history and states that there's a due process right to a hearing. And interestingly, that legislative amendment to set forth a due process requirement followed a City of San Jose case, where the Peace Officer Association actually sued the City of San Jose, which actually led to the amendment allowing the due process provisions. Further, the Unland v. Block case also set forth a discussion of the legislative history and, again, discussed where the police chief's stated policy was to review each CCW endorsement application on a case-by-case basis and review it and then just make a decision one way or another. That led to the legislative amendment allowing the fair notice and the hearing on situations of physical disability. The language is clear that there is a due process right, and the Court found so. The issue seems to be, is it a clearly established right? Well, the City actually argues in their brief, actually concedes in their brief that subsection E relative to a psychological disability is clear. They state that in their brief. So surely the other subsections are clear as well. They actually disagree with Judge White in that regard. If the subsection E is clear, that if someone has a psychological disability and they're not entitled to a good cause hearing, then why wouldn't the remainder of the statute be clear that if there's not a psychological disability, that someone is entitled upon denial of a CCW permit to have fair notice and a hearing before a three-member board? When you're talking about clearly established right in this context, we often come across many cases where officers are in the field of battle making split-second decisions on whether or not there's a clearly established right. There are many cases out of this Court that discuss it, and the U.S. Supreme Court. For instance, the recent case of Callahan, which talked about the standard, the two-step prong standard, was a case that's hugely different. Let me ask you this. How does the Unlind case affect your analysis? That is to say, it seems to me possible that the police chief could have said, listen, this qualifies under Section E. Therefore, I don't need to do an actual hearing. End of story. Thank you for asking that. The Unlind case actually involved a physical and a psychological injury. The officer in that case had a diagnosis of depression and post-traumatic stress disorder, as well as a physical disability. There is nothing in the record of the disability application for retired Sergeant Bates that says anything about a psychological disability, need for psychological medicine, a psychological diagnosis. There's absolutely nothing. Deputy Chief Amoroso wrote a memorandum to the retirement board attaching a disability application that said heart illness. There's nothing other than cardiovascular disease and hypertension and enlarged aorta and enlarged heart of retired Sergeant Bates in the record. Now, she testified that she didn't even review the record. The city of San Jose case dating back to 1988 talked specifically about how the chief and police have authority to look at the entire record to make this decision. They have weeks behind a desk to review the medical records, to review if there was even a psychiatric evaluation. There wasn't even a psychiatric evaluation in the record. There was no psychiatrist rendering an opinion. It was simply one statement that Sergeant Amoroso wrote herself in a memorandum acknowledging that Mr. Sergeant Bates has to avoid psychoemotional stress. Why? Because it will add to his physical hypertension. It will add to his medical disability. That's not a psychological diagnosis, and that's why it's much different than the Unwin case. Can we switch from psychological diagnosis to a question of law? Yes. Weren't these same issues already dealt with in the small claims court or whatever they call it down there? And isn't this collaterally a start-up? The decision was made down there on exactly the issues which brings this case here. I disagree for the following reasons, Your Honor. Only the city was sued first place. Deputy Chief Amoroso was not sued. Doesn't matter. Not for collateral estoppel. Well, then, my next secondary argument, Judge, is that Rule 8 of the Federal Rules of Civil Procedure requires the city to affirmatively allege that in the answer so that I'm on notice to do discovery in that regard. Wasn't that brought up in the motion for summary judgment? That's the only place it was brought up, and Judge White did not address whatsoever any authority as to why it should be. But it's there. It's there in the summary judgment motion, at which point I was. Isn't that sufficient to carry it through? No, it's not, Judge, with all due respect, because I was unable at that point to do any discovery to really show that in fact. What discovery is there? You have the record of the case in the other court, and you have your own allegations and stuff. That's it. You don't need discovery for collateral estoppel. Well, I think it's to try and show it was not fully and fairly litigated and to explore more completely what Sergeant Bates. Well, if it wasn't fully and fairly litigated, why wasn't it appealed in the state system? I don't believe from a small claims court case a plaintiff loses has a right to appeal. He brings a de novo appeal is what happens, of course. Now, were you involved at the small claims? Lawyers are not permitted. I understand that. I didn't ask that. I said were you involved. No, I was not. At what point did you become involved? I became involved prior to the small claims court case when I wrote a letter to the city requesting a hearing for Mr. Bates and requesting the return of the CCW permit. Mr. Bates filed the small claims court case on his own after that. In what respect did you have anything to do with the small claims court? None. Were you aware of what happened in the small claims court? After the fact. After the fact? Yes. And did you have in hand any records coming out of that small claims court when you began this suit? Only his complaint. Were there other records in the case? No. So what could you have discovered? I don't know if there's a transcript in the courtroom to see. Oh, yes, you do. There is none. I didn't think there was. But I would have explored that. Anything to see whether it was fully and fairly litigated. And I would submit, Judge, that based upon the language of his small claims complaint, that it does not fully and fairly litigate a Monell claim. It does not fully and fairly litigate what Deputy Chief Amoroso did in the causes of action against her and the chief of police. I don't believe a pro per plaintiff in small claims can fully and fairly litigate a Monell claim. And I don't think a Judge Pro Tem understands the complexities of a Monell claim in 1983 litigation unless it's really raised by the pro per plaintiff. And I'm sorry, I meant to mention I'd like to reserve two minutes, and I see that. You're just about there. Why don't we hear from the other side? Thank you. Sure. May it please the Court. My name is Michael Dodson from the San Jose City Attorney's Office representing the City and the individual defendants. What I've heard counsel argue to the Court this morning, Your Honors, is that Deputy Chief Amoroso, who acted upon the application for a concealed weapon permit, simply made a mistake. And if in fact she did make a mistake in denying Sergeant Bates his permit to carry a concealed weapon, we argue in the district court so found that it was a reasonable mistake entitling her to qualified immunity. The obvious nature of the statute, the reason that exists in denying someone who has a psychological disability the ability or the right to carry a concealed weapon, I believe is quite obvious. We don't want people who have psychological disabilities to be carrying concealed weapons. Now, when Deputy Chief Amoroso acted upon this application, there was some material available to her which counsel argues she should have gone through the entire record. But the material she did go through was quite clear that Sergeant Bates suffered from what was called psychoemotional stress. And psychological disability is not defined anywhere in the underlying California Penal Code statute at issue. So she was presented with a record that said that Sergeant Bates suffered from psychoemotional stress. And counsel seems to want a deputy chief in the police department, as intelligent as she may be, to actually be a medical doctor and determine that psychoemotional distress is not, in fact, a psychological disability. And it's important to keep in mind that Sergeant Bates ultimately was given his right to carry a concealed weapon. He was without it for approximately a four-month period between the decision, determination made by Deputy Chief Amoroso and the decision made four months later by a different deputy chief who had taken her position over when presented with clarifying information from the doctor that, in fact, it was not a psychological disability. At that point, the city reversed its earlier decision and granted him his right to carry a concealed weapon. So my point is that any mistake that was made by Deputy Chief Amoroso was clearly a reasonable mistake under the circumstances. And we agree with the district court that that entitled her to qualified immunity and that this court should uphold that decision. As to the other issue, we agree that collateral estoppel, based upon the earlier decision of the Small Claims Court, prevents relitigation of the issues as to the city of San Jose. It's important to point out, and there were some questions directed to counsel as to whether or not counsel was involved at the small claims point in time. And it's true that lawyers are not allowed to specifically represent clients in small claims proceedings in the State of California. However, it's in the record at ER00194 that, in fact, what Sergeant Bates was suing for was to recover a $1,500 retainer he had paid to this very counsel, Stuart That's the nature of his claim in the underlying Small Claims Court, so it's clear that whether or not Mr. Kerchick was representing him, per se, in the small claims action, he was involved. And that's pretty much what he said already. I mean, that's consistent with what we already heard. So in any event, we believe collateral estoppel prevents relitigation of that issue. We believe that Deputy Chief Amoroso was reasonable. I have to say I'm a little dubious on the collateral estoppel because it drew the conclusion that it has to be, quote, actually litigated and decided, and further, it has to be actually litigated and decided in a proceeding in which the consequences of collateral estoppel are sufficiently foreseeable that the parties know they're going to have to live with it later. So maybe there's collateral estoppel and maybe not. In any event, even if it's not, Your Honor, we have argued in our brief that there is not sufficient evidence in the record to support a Monell claim against the City of San Jose. There's absolutely no evidence of any policy, custom, practice, procedure. Well, you know, for a Monell claim, all you need is a decision by a policymaker. You don't need a policy. You need a decision by a policymaker. But the case law, not only Monell, but cases following Monell, set forth a four-part test that basically set forth that it has to be a pattern practice so ingrained in the policy and custom of the city as to make that finding. As we've argued sufficiently, I believe, in our brief. And I don't think that finding is any evidence whatsoever. What we have, Your Honor, with all due respect, is at best a mistake by an employee of the city, and all that gives rise to is respondeat superior liability. And Monell and its progeny specifically say that that is not sufficient to support municipal liability if it's simply based on the mistake of an underlying city employee. So we would argue that that's all that's in the record is respondeat superior liability, which is not sufficient. So in summary, I would ask that this Court uphold the finding of summary judgment in favor of defendants, Respondents in this case. Thank you. Thank you. In response. Thank you, Your Honor. In response, it's interesting that the city claims that it would be improper to give someone with a psychiatric diagnosis a CCW in their gun, yet Chief Davis on the day of my client's retirement gives them a large-capacity ammunition magazine that's illegal for the general public to have. I'm sure they also wouldn't want people on a psychiatric disability to have a large ammunition. Is that in the record? Pardon me? Is that in the record? Yes, it is. Okay. It's an exhibit. And further, he didn't suffer psychoemotional stress. There's no diagnosis of psychoemotional stress. It was to avoid. It was a work limitation. It said avoid psychoemotional stress, and Deputy Amoroso said there's no position for you under those circumstances. Every officer is going to undergo psychoemotional stress. So under her evaluation and interpretation, every officer really would be on a psychological disability. Yeah. You know, I'm going to cut to the chase a little bit. I understand all the legal arguments that we've been going through. I mean, it's a cliché to say, why did you make a federal case out of this? He asked for the concealed weapons permit. He's denied. He requested again. He's granted. Why doesn't he just drop the darn thing? This is obviously outside the record, but I'd love to answer. It's very important to Sergeant Bates to have his gun. Well, he has it. To protect himself. He has it, and he got it very quickly. It was very upsetting for him not to have it for five or six months, and quite frankly, it was still a due process violation in our opinion, and he chose to make a federal case out of it because his civil rights are important to him. Okay. Fair enough. Fair answer. Thank you. Yes, sir. Okay. The case of Bates v. City of San Jose is now submitted for decision.
judges: Duffy, Noonan, Fletcher W.